ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS 2014 DEC 11 AM 9: 11
DALLAS DIVISION

DEPUTY CLERK_____

UNITED STATES OF AMERICA

v.                                                    NO. 3:14-CR-367-B

WILLIAM MCDOWELL

## PLEA AGREEMENT

William McDowell, the defendant, G. Thayer Williamson, the defendant's

attorney, and the United States of America (the government), agree as follows:

1.      Rights of the Defendant:  McDowell understands that he has the following

rights:

       a.      to plead not guilty;

       b.      to have a trial by jury;

       c.      to have his guilt proven beyond a reasonable doubt;

       d.      to confront and cross-examine witnesses and to call witnesses in his
           defense; and

       e.      against compelled self-incrimination.

2.      Waiver of Rights and Plea of Guilty:  McDowell waives these rights and

pleads guilty to the offenses alleged in Count Thirty-Two of the Indictment charging a

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that is Possession of a Controlled

Substance (methamphetamine, a Schedule II controlled substance) with Intent to

Distribute that Controlled Substance.  McDowell understands the nature and elements of

the crime to which he is pleading guilty, and agrees that the factual resume he has signed

is true and will be submitted as evidence.

   3. <u>Sentence:</u>  The maximum penalties the Court can impose for Count Thirty-

Two of the Indictment include:

    a. imprisonment for a period of not more than twenty years;

    b. a fine not to exceed $1,000,000.00, or twice any pecuniary gain to
     the defendant or loss to the victim(s);

    c. a term of supervised release of not less than three years, which is
     mandatory under the law and will follow any term of imprisonment.
     If McDowell violates the conditions of supervised release, he could
     be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which McDowell agrees
     will include restitution arising from all relevant conduct, and not
     limited to that arising from the offense of conviction alone; and

    f. costs of incarceration and supervision.

   4. <u>Court's Sentencing Discretion and Role of the Guidelines:</u> McDowell

understands that the sentence in this case will be imposed by the Court after consideration

of the United States Sentencing Guidelines.  The guidelines are not binding on the Court,

but are advisory only.  McDowell has reviewed the guidelines with his attorney, but

understands no one can predict with certainty the outcome of the Court's consideration of

the guidelines in this case.  McDowell understands that he will not be allowed to

withdraw his plea if the applicable advisory guideline range is higher than expected, or if

the Court departs from the applicable advisory guideline range.  McDowell will not be

allowed to withdraw his plea if his sentence is higher than expected.  McDowell fully

understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

5.  Mandatory special assessment: McDowell agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.  Defendant's Agreement: McDowell shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, McDowell shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. McDowell expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. McDowell fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, McDowell agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy McDowell's full and immediately enforceable financial obligation. McDowell understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7.  Forfeiture: McDowell agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any

property noted as subject to forfeiture in the Indictment and in any bills of particulars, or

seized or restrained by law enforcement officers during the investigation(s) related to this

criminal cause.  McDowell consents to entry of any orders or declarations of forfeiture

regarding all such property and waives any applicable statutes of limitation, and any

requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18

U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and

43(a) of the Federal Rules of Criminal Procedure.  McDowell agrees to provide truthful

information and evidence necessary for the government to forfeit such property.

McDowell agrees to hold the government, its officers, agents, and employees harmless

from any claims whatsoever in connection with the seizure, forfeiture, storage, or

disposal of such property.

8.  <u>Government's Agreement</u>:  The Government will not bring any additional

charges against McDowell based upon the conduct underlying and related to McDowell's

plea of guilty.  The Government will dismiss, after sentencing, any remaining charges in

the pending Indictment.  The Government will file a Supplement in this case, as is

routinely done in every case, even though there may or may not be any additional terms.

This agreement is limited to the United States Attorney's Office for the Northern District

of Texas and does not bind any other federal, state, or local prosecuting authorities, nor

does it prohibit any civil or administrative proceeding against McDowell or any property.

9.  <u>Violation of Agreement</u>: McDowell understands that if he violates any

provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government

will be free from any obligations of the agreement and free to prosecute McDowell and

others for all offenses of which it has knowledge. In such event, McDowell waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, McDowell also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.   <u>Voluntary Plea</u>:  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.   <u>Waiver of Right to Appeal or Otherwise Challenge Sentence</u>:  McDowell waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. McDowell reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.   <u>Representation of Counsel</u>: McDowell has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. McDowell has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.

Because he concedes that he is guilty, and after conferring with his lawyer, McDowell has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.     <u>Entirety of Agreement</u>:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this ___ day of _____, 2014.
*(handwritten: 10th day of December)*


_____
RICK CALVERT
Deputy Criminal Chief


SARAH R. SALDAÑA
UNITED STATES ATTORNEY

_____
P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8680
Facsimile: (214) 659-8812
Email: philip.meitl@usdoj.gov


_____
WILLIAM MCDOWELL
Defendant


_____
G. THAYER WILLIAMSON
Attorney for Defendant


Plea Agreement - Page 6

## **CERTIFICATE**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____          _____
WILLIAM MCDOWELL                                                      Date
Defendant


I am the Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          _____
G. THAYER WILLIAMSON                                                  Date
Attorney for Defendant